ANNA V. BORDEN, as Administratrix, etc ., Appellant, *v.*
THE DELAWARE, LACKWANNA AND WESTERN RAIL-
ROAD COMPANY, Respondent.

*Court of Appeals, March 25, 1892.*

1. *Negligence. Inference.*—The inference of negligence, which the jury
   may draw, must be from facts, which establish such a neglect of duty,
   or such an omission of care, on the employer's part, as to have rendered
   the accident a possible one to the employes while in the performance
   of their duty.
2. *Same.*—In the absence of proof of such facts, and of evidence exonerat-
   ing the deceased from contributory negligence, no case is made out for
   submission to the jury.
3. *Same.*—The mere fact of the violent death of an employe is not enough
   to authorize an inference of the company's negligence.

Appeal from judgment of the supreme court, general
term, fourth department, affirming judgment in favor of de-
fendant entered upon nonsuit.

*S. M. Lindsley*, for appellant.

*William Kernan*, for respondent.

GRAY, J.—We think that the motion for a nonsuit at the
conclusion of the evidence in this case was properly granted.
The most careful reading of the record reveals no fact upon
which negligence in the defendant can be predicated with
respect to its duty to the deceased. Everything relating to
the cause and manner of the death of plaintiff's intestate is
matter of pure speculation. Of course, the inference is war-
ranted that he fell from the train and was run over, but no
inference is deducible that the accident was attributable to

any neglect, or to any omission on the defendant's part, with respect to that duty and care which the law requires of it. All that is positively known is the fact of the violent death of the intestate, and that is not enough to authorize an inference of defendant's negligence. Briefly stated, the facts were that the deceased was a fireman, and at the time was employed upon a locomotive attached to a freight train. The train was running from Binghamton to Utica, in the night time, and, at the station of Greene, took on a coal car, attaching it next to the tender. Shortly after leaving that station the train parted between the tender and this car. The train being coupled together again proceeded on its way, but soon afterwards, the deceased being missed, it was stopped at the next station and a search was made which resulted in finding the dead body within the rails at about the place where the train had become uncoupled. The evidence tended to show that the coal car was out of repair, and in such wise as to cause it to jump up and down while in motion. When the train broke apart it was found that the coupling pin had worked itself out of the link so as to cause the separation of the train at that point.

The claim of the appellant is that in the lurching forward of the engine and tender, as the consequence of the sudden separation, the deceased was thrown off and came under the moving body of the train. He argues that negligence was imputable to the defendant in ordering a crippled car to be attached to the train, and supports the argument by reference to cases in which the employer has been held liable for the death of, or an injury to, his employees from having failed to furnish safe and proper machinery. In this case such a question does not enter. The deceased was a fireman, and his place was upon and about the locomotive. As no witness was able to tell how the accident occurred, we can only surmise with reference to it. If he had been at the rear end of the tender itself at the moment of the sudden parting of the train, we can imagine that he might have fallen upon

the track, and thus have been run over. But had he been in his place in the cab of the engine, or upon the tender, it is not conceivable, according to the evidence, that he would have been affected by the uncoupling of the train. So it is merely a matter of mental speculation as to how the accident happened ; and conjecture cannot be allowed to supply the place of the proof required to sustain plaintiff's allegations of negligence.

The inference of negligence which the jury may draw. must be from facts which establish such a neglect of duty, or such an omission of care, on the employer's part as to have rendered the accident a possible one to the employees while in the performance of their work. That was not the case here, and conceding the force contended for the evidence by appellant's counsel, it did not warrant more than the surmise that the deceased, having left his usual and proper place, where the occurrence of the breaking of the train could have had no such disastrous effect, had gone to the rear end of the tender for some purpose or other, and losing his balance had fallen from the train.

In the absence of proof of circumstances from which a legitimate inference of negligence in the defendant could be made, and in the absence of any evidence exonerating the deceased from contributing by his own negligence to the accident, no case was made out for submission to the jury.

The judgment should be affirmed, with costs.

· All concur, except Finch, J., absent.

---

NOTE.

See, as to inference of negligence, Lissa *v.* Goodkind, 57 Supr. 60; Maher *v.* Man. R. Co., 53 Hun, 506; Cosulich *v.* S. O. Co., 122 N. Y. 118; Brinckhord *v.* W. U. T. Co., 58 Hun, 610; Gray *v.* Tompkins, 40 N. Y. St. Rep. 546; Bischoff *v.* Schultz, 25 Id. 950. See also, De Vau *v.* P. & N. Y. C. & R. Co., *ante*, and note.